# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CLOUD | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1277-S |
| | § | |
| THE BERT BELL/PETE ROZELLE NFL | § | |
| PLAYER RETIREMENT PLAN | § | |

## ORDER

This Order addresses Defendant's Rule 12 Motion to (1) Strike Plaintiff's Jury Demand and (2) Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim [ECF No. 9]. Having reviewed and considered the Motion, Plaintiff's Response [ECF No. 11], Defendant's Reply [ECF No. 13], the documents filed in support thereof, and the relevant pleadings, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Jury Demand and **DENIES** Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

Regarding Defendant's Motion to Strike Plaintiff's Jury Demand, whether a right to a jury exists depends on the nature of the issues involved in a case and the remedy sought. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). It is clear, however, that "there is no right to a jury trial in [Employee Retirement Income Security Act] denial-of-benefits cases." *Koehler v. Aetna Health Inc.*, 683 F.3d 182, 191 n.19 (5th Cir. 2012); *see also Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) ("[The Fifth Circuit] ha[s] held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial."); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980) (inquiry into whether plan administrators acted arbitrarily and capriciously is action usually performed by judges). Here, Plaintiff seeks restitutionary relief by way of "retroactive credits and payments" for the "benefits" that were "wrongfully denied . . . [and] due to him" under the Plan. ECF No. 1 ¶¶ 28-29 (requesting Plaintiff

be placed "in the same position he would have been in if the Retirement Plan would have granted the relief" previously requested under the Plan). Such "restitution of money allegedly wrongly held" by Defendant is "equitable in nature" and, accordingly, does not entitle Plaintiff to a jury trial. *Borst*, 36 F.3d at 1324; *see also id.* (noting that "a request for monetary recovery sounds in equity, and thus does not guarantee a jury trial, when it is restitutionary in nature"); *Calamia*, 632 F.2d at 1236-67 ("The mere fact that the appellant would receive a monetary award if he prevailed does not compel the conclusion that he is entitled to a jury trial."). Given the Fifth Circuit precedent that there is no right to a jury trial in ERISA cases, and considering Plaintiff's requested relief, the Court **GRANTS** the Motion to Strike Plaintiff's Jury Demand.

As to Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, applying the facial plausibility jurisprudence of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and accepting all well-pleaded facts as true, and viewing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff's Original Complaint pleads sufficient facts to state a claim to relief under 29 U.S.C. § 1133(2) that is plausible on the face of the Original Complaint. The Court therefore **DENIES** the Motion to Dismiss Count II of Plaintiff's Original Complaint.

**SO ORDERED.**

SIGNED February 18, 2021.

                                                    **KAREN GREN SCHOLER**
                                                    **UNITED STATES DISTRICT JUDGE**