**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**MICHAEL CLOUD,**

**Plaintiff,**

**v.**

**THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN,**

**Defendant.**

**Civil Action No. 3:20-cv-01277-S**

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER PRECLUDING DEPOSITIONS OF THE DISABILITY INITIAL CLAIMS COMMITTEE MEMBERS AND INCORPORATED BRIEF IN SUPPORT THEREOF**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Bert Bell/Pete Rozelle NFL Player Retirement Plan ("Defendant" or "Plan"[1]) moves for an order precluding Plaintiff Michael Cloud ("Cloud") from deposing Chris Smith and Patrick Reynolds. Defendant brings this motion within five business days of receiving notice of the depositions via the Court's CM/ECF system. Under the Court's Scheduling Order the depositions are automatically stayed pending resolution of this motion. Sched. Order (ECF 23) ¶ 5.

Ms. Smith and Mr. Reynolds are initial claim fiduciaries; they serve as members of the Plan's Disability Initial Claims Committee ("Committee"). Cloud asserts that he is entitled to depose Ms. Smith and Mr. Reynolds to learn more about their decision denying his request for

[1] This motion will use the capitalized term "Plan" when referring to the Bert Bell/Pete Rozelle NFL Player Retirement Plan as a written document. When referring to the Plan as an entity and named defendant, this brief will use the term "Defendant."

reclassification of his total and permanent disability ("T&P") benefits. The Committee's ***initial*** decision, however, is not at issue in this litigation. The ***final*** decision issued by the Plan administrator—the Retirement Board—is at issue. Ms. Smith's and Mr. Reynold's testimony is therefore irrelevant.

In addition, deposition testimony is unnecessary given the written discovery conducted thus far and the issues genuinely raised in this case. Defendant respectfully submits these depositions would undermine the fundamental goals of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), namely avoiding the costs and burdens imposed by protracted litigation. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

For these reasons, as explained more fully below, Defendant asks that the Court preclude Cloud from deposing Ms. Smith and Mr. Reynolds. If the Court grants this motion, Defendant also asks that the Court award it the costs and fees reasonably incurred in bringing the motion, as permitted by Rule 26(c)(3) and Rule 37(a)(5) of the Federal Rules of Civil Procedure.

Dated: June 28, 2021

Respectfully submitted,

GROOM LAW GROUP, CHARTERED

By: ______________________________

Michael L. Junk, *pro hac vice*
1701 Pennsylvania Avenue NW
Washington, DC 20006
P: (202) 857-0620
F: (202) 659-4503
mjunk@groom.com

MUNSCH HARDT KOPF & HARR, P.C.

Toni Anderson
Texas Bar No. 24105432
500 N. Akard Street, Suite 3800
Dallas, TX 75201
P: (214) 855-7500
F: (214) 855-7584

D. Mitchell McFarland
Texas Bar No. 13597700
700 Milam Street, Suite 2700
Houston, TX 77002
P: (713) 222-1470
F: (713) 222-1475
mmcfarland@munsch.com

COUNSEL FOR DEFENDANT

**CERTIFICATE OF CONFERENCE**

I certify that prior to filing this motion I conferred with Christian Dennie, counsel for Plaintiff, via multiple e-mail exchanges beginning on June 11 and continuing through June 24, 2021. Mr. Dennie informed me that Plaintiff OPPOSES all relief requested in this motion. Agreement on the relief should by this motion could not be reached because, as explained in the brief below, Mr. Dennie refused to withdraw the deposition notices unless Defendant volunteered to present a 30(b)(6) witness on unknown topics. I rejected Mr. Dennie's offer because I did not view it as a fair or reasoned one. Mr. Dennie stated, among other things, that he sees Defendant's motion as "an attempt to restrict [his] client's ability to obtain a fair proceeding."

Michael L. Junk, *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2021, the foregoing MOTION FOR PROTECTIVE ORDER PRECLUDING DEPOSITIONS OF THE DISABILITY INITIAL CLAIMS COMMITTEE MEMBERS AND INCORPORATED BRIEF IN SUPPORT THEREOF was filed with the Clerk of Court via CM/ECF, which will automatically deliver notice of the filing to all counsel of record.

Michael L. Junk, *pro hac vice*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ 6

BACKGROUND ........ 8

I. The Plan ........ 8

II. Cloud's Award Of T&P Benefits And His Request For Reclassification ........ 9

III. Cloud's Claims In This Litigation ........ 11

IV. Cloud's Deposition Notices ........ 11

LEGAL STANDARD ........ 12

ARGUMENT & AUTHORITIES ........ 13

I. The Court Should Preclude Cloud From Deposing Ms. Smith And Mr. Reynolds ........ 13

A. The Committee's decision is not on review, and thus it is not relevant. ........ 13

B. The discovery would be cumulative of information already provided through written discovery and found in the Administrative Record. ........ 14

C. Deposition discovery is disproportionate to the needs of this case given that two dispositive issues are not genuinely in dispute. ........ 15

II. The Court Should Award Defendant Its Costs And Fees Reasonably Incurred In Bringing This Motion. ........ 16

CONCLUSION ........ 17

# TABLE OF AUTHORITIES

Cases

*Atkins v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, 694 F.3d 557 (5th Cir. 2012) .......... 8, 9

*Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011) .......... 2, 13, 14, 15

*Denton v. First Nat. Bank of Waco, Texas*, 765 F.2d 1295 (5th Cir. 1985) .......... 9

*Fortier v. Hartford Life & Acc. Ins. Co.*, 916 F.3d 74 (1st Cir. 2019) .......... 15

*Jones v. PepsiCo, Inc.*, 185 F. Supp. 3d 437 (S.D.N.Y. 2016) .......... 13

*Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946 (8th Cir. 2010) .......... 13

*Revels v. Standard Ins. Co.*, 504 F. Supp. 3d 556 (N.D. Tex. 2020) .......... 13

*Till v. Lincoln Nat'l Life Ins. Co.*, 678 F. App'x 805 (11th Cir. 2017) .......... 13

Statutes

29 U.S.C. § 1002(3)(2)(A) .......... 8

29 U.S.C. § 1002(37)(A) .......... 8

29 U.S.C. § 1102(a)(2) .......... 9

29 U.S.C. § 1132(a)(1)(B) .......... 11

29 U.S.C. § 1133(2) .......... 8, 11

29 U.S.C. § 141 .......... 8

29 U.S.C. § 186(c)(5)(B) .......... 9

Regulations

29 C.F.R. § 2560.503-1 .......... 8

29 C.F.R. § 2560.503-1(h)(1) .......... 8

29 C.F.R. § 2560.503-1(h)(3)(i).......... 8

## BACKGROUND[3]

### I. The Plan

The Plan is a Taft-Hartley pension and welfare benefit plan established by the NFL Management Council and the NFL Players Association through collective bargaining, and it provides retirement, disability, and related benefits to eligible participants (former professional football players referred to as "Players") and their beneficiaries. Plan Doc. ("PD") at 1 (AR-6).[4] *See also Atkins v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 694 F.3d 557, 560 (5th Cir. 2012) ("The Plan is an employee, multi-employer welfare benefit plan governed by [ERISA], 29 U.S.C. §§ 1002(3)(2)(A), 1002(37)(A), and the Labor Management Relations Act ('LMRA'), 29 U.S.C. § 141, *et seq.,* also known as the 'Taft–Hartley Act.'").

The Plan has a two-step claims procedure, as contemplated by ERISA and the claims procedure regulations issued by the U.S. Department of Labor, 29 C.F.R. § 2560.503-1. The Committee decides initial applications for benefits. PD §§ 8.2(c) (AR-49), 8.5 (AR-51). Players "have 180 days from the receipt of an adverse [Committee] determination to file a written request for review of the initial decision to the Retirement Board." PD § 12.6(a) (AR-61); *see* 29 U.S.C. § 1133(2) (requiring that every benefit plan have a claims procedure that "afford[s] a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary"); 29 C.F.R. § 2560.503-1(h)(1) (same); 29 C.F.R. § 2560.503-1(h)(3)(i) (requiring that disability plans "[p]rovide claimants at least 180

---

[3] The "Background" section of this brief is somewhat abbreviated. The Court may find Defendant's simultaneously-filed Response in Opposition to Plaintiff's Motion to Supplement the Administrative Record (ECF 28) helpful because it contains a lengthier discussion of the background of this case.

[4] "AR" cites like "AR-6" refer to bates-numbered pages within the Administrative Record (ECF 16) filed with the Court on January 5, 2021. The cites omit any zeros preceding the page number.

days following receipt of a notification of an adverse benefit determination within which to appeal the determination").

The Retirement Board ("Board") is the Plan administrator and named fiduciary, as defined under ERISA, 29 U.S.C. § 1102(a)(2). PD §§ 1.3 (AR-7), 8.2 (AR-48). It has six voting members—three former Players appointed by the NFL Players Association, and three individuals appointed by the NFL Management Council, PD § 8.1 (AR-48)—and full discretionary authority to interpret the Plan and finally determine all claims for benefits. PD §§ 8.2 (AR-48- 49), 8.9 (AR-52). As the Fifth Circuit has acknowledged:

> As required by statute, the Plan is jointly administered by employee (NFL players) and employer (NFL club owners) representatives. 29 U.S.C. § 186(c)(5)(B).… The Plan grants the Board "full and absolute discretion, authority and power" to interpret the Plan and decide claims for benefits. The Plan also provides that, in exercising its discretionary powers, the Retirement Board "will have the broadest discretion permissible under ERISA and any other applicable laws."

*Atkins*, 694 F.3d at 560 (cleaned up).

## II. <u>Cloud's Award Of T&P Benefits And His Request For Reclassification</u>

Cloud played for several NFL teams between 1999 and 2005, Compl. ¶ 11, and he is a participant in the Plan. *Id.* ¶ 8.

On July 1, 2014, Cloud applied for T&P benefits. AR-96, AR-99. The Committee granted Cloud's application and awarded him the Inactive A category. AR-282- 84. The letter explaining the Committee's decision informed Cloud that he had 180 days to appeal the decision for further review by the Board, AR-284, but Cloud did not challenge any aspect of the Committee's decision. The original decision to award Cloud Inactive A T&P benefits is immune from judicial review due to Cloud's failure to exhaust administrative remedies and the Plan's contractual limitations provision. *See Denton v. First Nat. Bank of Waco, Texas*, 765 F.2d 1295,

1297 (5th Cir. 1985) ("[W]e hold as a matter of law that the doctrine of exhaustion of remedies is applicable to the denial of benefits by Plan trustees."); *see also* PD § 12.7 (AR-64) ("No suit or legal action with respect to an adverse determination maybe commenced more than forty-two months from the date of the final decision on the claim for benefits (including the decision on review).").

On February 17, 2016, Cloud re-applied seeking the higher-paying Active Football category of T&P benefits. AR-288- 93. The Committee treated Cloud's application as a request for reclassification and denied it on several grounds. *See generally* PD § 5.7(b) (AR-37) (setting forth the Plan's reclassification provision). ***First***, the Committee determined that Cloud did not provide evidence of "changed circumstances," as required by the reclassification provision. AR-481. ***Second***, the Committee determined that a Plan provision prohibited reclassification within any period that was more than 42 months before the date of a request for reclassification, and therefore Cloud could not meet the "shortly after" requirement for Active Football benefits given this restriction. AR-481. ***Third***, the Committee noted that the Social Security Administration selected a December 31, 2008 onset date for Cloud's Social Security disability award, and even this date of disability fell outside the "shortly after" period required for Active Football benefits. AR-481.

Cloud appealed the Committee's initial decision denying his reclassification request, AR-490, and, on November 16, 2016, the Board unanimously denied his appeal on multiple grounds. AR-518- 20. The Board determined that Cloud did not meet the requirement because his request for reclassification was based on the same impairments underlying his original application and award of T&P benefits, rather than a new or different impairment. AR-519. The Board also found that the evidence did not clearly and convincingly show that Cloud became totally and

permanently disabled "shortly after" his disability first arose, as required for Active Football benefits. AR-519. Finally, the Board determined that Cloud's appeal was untimely because it was filed more than 180 days after he received the Committee's initial decision. AR-520.

## III. Cloud's Claims In This Litigation

Cloud brought the instant action to overturn the Board's decision. The Complaint contains two counts.

Count I is a claim for benefits under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Compl. ¶¶ 26-29. Section 502(a)(1)(B) of ERISA authorizes a plan participant to bring a civil action to recover benefits due under the terms of a plan. Cloud alleges the Board wrongfully denied him Active Football benefits because he met the requirements for that benefit. *Id*. ¶ 28.

Count II invokes section 503(2) of ERISA, 29 U.S.C. § 1133(2). *Id*. ¶¶ 30-33. Section 503 of the statute is entitled "claims procedure," and subsection (2) requires that every benefit plan have a claims procedure that "afford[s] a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary." 29 U.S.C. § 1133(2). Cloud alleges Defendant violated 503(2) because "he was not provided with his full history of medical documentation," and so he "was never granted the opportunity to present his full and complete case for Active Football T&P benefits due to [Defendant] withholding relevant records." Compl. ¶ 32.

## IV. Cloud's Deposition Notices

On June 22, 2021, Cloud filed a "Notice of Subpoenaed Deposition of Chris Smith" (ECF 25) and a "Notice of Deposition of Patrick Reynolds" (ECF 26).[5] Ms. Smith and Mr. Reynolds

[5] The subpoenas are facially deficient for at least two reasons. ***First***, it is unclear whether Cloud personally served subpoenas on Ms. Smith and Mr. Reynolds, or whether he believes that he has satisfied his service obligations by

are the Committee members who issued the initial decision denying Cloud's request for reclassification. AR-473- 77.

Cloud has offered varying reasons for the depositions. Cloud first explained that deposition testimony was needed to understand the basis for the Committee's decision and the evidence the Committee members reviewed. Later, Cloud stated that the depositions were necessary in light of his allegation that the Committee was not given all of the medical documentation allegedly available to Defendant. Finally, Cloud indicated that courts permit discovery in ERISA benefits cases on a multitude of topics, and he proposed that Defendant voluntarily present a 30(b)(6) witness on topics to be disclosed later, and in exchange he would withdraw the deposition notices for Ms. Smith and Mr. Reynolds.

Defendant declined Cloud's offer to present a 30(b)(6) witness in exchange for the withdrawal of the pending deposition notices. From Defendant's perspective—a perspective that Defendant shared with Cloud—depositions of the Committee members are not warranted because the Committee's decision is not before the Court. Therefore, Cloud should withdraw the notices irrespective of his right to seek discovery on other issues through other means.

Cloud refused to withdraw the deposition notices, leading to this motion.

## LEGAL STANDARD

The Court has discretion to limit discovery. That discretion is most appropriately and most often exercised in ERISA benefit cases such as this. The Fifth Circuit has cautioned district courts to "be mindful of the limitations placed on the frequency and extent of discovery" in light

filing notices of the subpoenas with the Court. When asked, Cloud would not say. ***Second***, Ms. Smith and Mr. Reynolds are members of the Committee and therefore party deponents to whom Rule 45's subpoena procedures do not apply. Should Cloud wish to depose them, a notice issued pursuant to Rule 30 is the proper mechanism. In any event, for the purposes of this motion, Defendant is not challenging service and will treat the notices that Cloud filed as if they were ordinary notices of deposition under Rule 30.

of the unique posture of ERISA benefit cases and the limited scope of judicial review. *Crosby*, 647 F.3d at 264. To say that discovery in these cases is greatly restricted is therefore an understatement. In many cases, discovery is non-existent save for limited discovery around the administrative record.

The party seeking to limit or avoid discovery carries the burden to show that the requested discovery is not relevant or is otherwise objectionable. *Revels v. Standard Ins. Co.*, 504 F. Supp. 3d 556 (N.D. Tex. 2020).

## ARGUMENT & AUTHORITIES

### I. The Court Should Preclude Cloud From Deposing Ms. Smith And Mr. Reynolds.

#### A. The Committee's decision is not on review, and thus it is not relevant.

The Court should preclude Cloud from deposing the Committee members because their testimony is not relevant. Fed R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii). The Committee is responsible for making the ***initial*** claim level decision, and that decision is not before the Court. *See, e.g.*, *Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 952 (8th Cir. 2010) ("Courts reviewing a plan administrator's decision to deny benefits will review only the final claims decision…"); *Till v. Lincoln Nat'l Life Ins. Co.*, 678 F. App'x 805, 808 n.2 (11th Cir. 2017) ("This Court, in line with several other Circuit Courts of Appeal, will consider only the reasonableness of an administrator's final decision."); *Jones v. PepsiCo, Inc.*, 185 F. Supp. 3d 437, 447 (S.D.N.Y. 2016) ("[A] district court reviews only the final claims decision, not preliminary denials."). Therefore, exploring the Committee's initial claim level decision and the bases for it—the only specific justification Cloud offered for the depositions—would not advance any material issue in this case.

**B. The discovery would be cumulative of information already provided through written discovery and found in the Administrative Record.**

The Court should preclude the requested depositions because the discovery would be cumulative. Fed. R. Civ. P. 26(b)(2)(C)(i). Defendant has already responded in writing to 19 interrogatories and 67 requests for production covering a range of topics—many of them having little or nothing to do with this case—and turned over every disability-related document and communication in its possession regarding Cloud.[6] Most importantly, Defendant has also produced the Administrative Record and verified that it contains all of the material presented to the Committee in connection with its decision on Cloud's 2016 request for reclassification (and its decision on his 2014 application for T&P benefits). Def.'s Notice of Filing the Administrative Record (ECF 16) at 1-2; Decl. of Hessam ("Sam") Vincent, filed as part of the App'x in Support of Def.'s Resp. in Opp. to Pl.'s Mot. to Suppl. the Admin. Rec. (ECF 29) ¶¶ 5-6 (App. at 2). The Administrative Record contains the Plan; all of the evidence submitted, generated, or considered by the Committee; and the Committee's decision letter, which explains the bases for the decision and identifies the relevant Plan provisions. AR-282- 85, AR-478- 82. Neither Cloud nor this Court have a legitimate use for anything more from the Committee.

Cloud has yet to articulate a specific justification for additional discovery on any topic, much less additional discovery direct from the Committee members themselves. The gist of Cloud's response has been that he is entitled to take discovery as he sees fit. But that stance is squarely at odds with Circuit precedent and the goals of ERISA. *See Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("For federal courts to engage in full

[6] Cloud sought discovery regarding the Plan's standards for benefits that are not at issue in this case (*e.g.*, neurocognitive disability benefits and "88 Plan" benefits); "clinical research initiatives" funded by Defendant; communications with "Bank Newport;" communications with various lawyers or law firms; all T&P benefits awarded or denied under the Plan; the "entities given access to player data through the Group Licensing Agreement with the NFLPA and/or NFL;" and other irrelevant issues.

review of the motivations behind every plan administrator's discretionary decisions would move toward a costly system in which Article III courts conduct wholesale reevaluations of ERISA claims and would seriously undermine ERISA's goal of resolving claims efficiently and inexpensively.") (cleaned up).

Cloud has also expressed a reluctance to take Defendant's written discovery responses and sworn representations at face value. Cloud has no valid reason to doubt the veracity of Defendant's or counsel's representations, however, and he cannot mount a fishing expedition based on speculation or mere dislike of the information Defendant has already provided. *See id.* ("Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.") (cleaned up).

**C. Deposition discovery is disproportionate to the needs of this case given that two dispositive issues are not genuinely in dispute.**

The Board denied Cloud's request for reclassification for three independent reasons, and two of them are not genuinely in dispute. ***First***, the Board determined that Cloud did not meet the Plan's changed-circumstances requirement because his request for reclassification was based on the same impairments underlying his original application and award of T&P benefits, rather than a new or different impairment. AR-519. Cloud concedes this point. He has never argued that he met the changed-circumstances requirement; he asked the Board to waive it. ***Second***, the Board determined that Cloud missed the deadline to file his administrative appeal. AR-520. This conclusion is equally indisputable and dispositive. *See, e.g.*, *Fortier v. Hartford Life & Acc. Ins. Co.*, 916 F.3d 74, 83 (1st Cir. 2019) (holding that a plan administrator properly refused to consider an untimely administrative appeal).

In many cases, the disruption, anxiety, and expense associated with a deposition may be outweighed by its ability to obtain essential information, but that is not true for this case. Cloud

could take one deposition, or he could take 100 depositions. It would make no difference. Depositions are not "proportional to the needs of th[is] case." Fed. R. Civ. P. 26(b)(1) (Discovery should be "proportional to the needs of the case, considering the importance of the issues at stake in the action,… the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

## II. The Court Should Award Defendant Its Costs And Fees Reasonably Incurred In Bringing This Motion.

If the Court grants this motion, Rule 37(a)(5)(A) provides that the Court "must" award Defendant its fees and expenses unless Cloud's position was "substantially justified" or "other circumstances make an award of expenses unjust." An award of fees and expenses is appropriate here because Cloud's position was not substantially justified, and there would be nothing unjust about holding Cloud accountable. Cloud is solely responsible for this dispute.

Cloud should not have noticed the Committee depositions in the first place. It is not clear whether his attempt to depose the Committee came from inexperience or indifference. Either way, Cloud should have immediately withdrawn the deposition notices once Defendant pointed out the Committee's irrelevance. After all, Cloud have served other discovery. But Cloud instead resorted to a bait-and-switch, and offered to withdraw the notices ***if*** Defendant agreed to present a 30(b)(6) witness on other (undisclosed) topics. Cloud tried to spin this deal as a reasonable compromise, but it plainly was nothing of the sort. Regardless of whether Cloud is entitled to some discovery on other issues through other means (a dubious proposition in and of itself), his attempt to depose the Committee members was and is inappropriate.

Cloud pressed on with an indefensible position, tried to use it as a bargaining chip, and when that failed he threw his hands up and told Defendant to file this motion. It is impossible to characterize that conduct as "substantially justified." Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

The Court should preclude Cloud from deposing Ms. Smith and Mr. Reynolds, and it should award Defendant its costs and fees reasonably incurred in bringing this motion.