## **APPENDIX**

Appendix 1:   Application for Reclassification dated July 15, 2016 (CLOUD-AR-288 – CLOUD-AR-289)

Appendix 2:   Letter Denying Reclassification dated November 23, 2016 (CLOUD-AR-518 – CLOUD-AR-523)

# APPENDIX 1

Case 3:20-cv-01277-S   Document 55-1   Filed 08/31/21   Page 2 of 11   PageID 4504

E-Ballot 02/22/2016                                                               DICC Page 1

## Michael A. Cloud's T&P Disability ACTIVE FOOTBALL Application 7-15-16

Michael A. Cloud
120 Mont Blanc Drive
Heath, TX 75032
SS# 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
(p) 214-364-0098
macsportsandrehab@gmail.com

RECEIVED FEB 17 2016 NFL PLAYER BENEFITS



NFL Player Disability & Neurocognitive
Benefit Plan
200 Saint Paul St.
Suite 2420
Baltimore, MD 21202

RE: Total & Permanent Disability ACTIVE FOOTBALL Benefits

TO: NFL Retirement and Benefits Board
CC: Sarah E. Gaunt, Plan Director
Paul Scott, Benefits Coordinator

**Dear NFL Players Benefits Committee**,
Enclosed please find Michael Cloud's complete application for Total & Permanent Active Football Disability Benefits.

Mr. Cloud has been awarded a Fully Favorable Decision of SSDI Benefits from **Administrative Law Judge, Daniel Curran**, as a result of severe impairments of mental disorder stemming from multiple NFL football concussions. In Judge Curran's report he notes, as a result of these concussions, Mr. Cloud has been "unable to sustain gainful activities due to the following severe mental disorders of migraine headaches and affective disorders, limiting his ability to understand, remember, and carry out simple or detailed instruction; the ability to interact with the general public; and is unable to maintain attention and concentration for extended periods of time."

In **Dr. John Patrick Cronin, Ph. D., M.P.H.** 2004 Specific Head Trauma Evaluation of Mr. Cloud he notes that after he sustained a significant helmut to helmut concussion on October 31, 2004 while with the New York Giants; "significant physical and cognitive problems occurred immediately after this collision and Mr. Cloud experienced confusion, disorientation and dizziness as a result of the impact. He was able to walk from the field with assistance (but does not recall doing so) an remained sidelined for the remainder of the game. Mr. Cloud does not recall how he returned to his home in New York, nor does he recall his level of performance for the remaining games for that season. Mr Cloud's attempted to regain his playing status the following spring, but was unable to complete basic plays and assignments and subsequently was cut by two teams..."

During the Spring '05 Mr. Cloud signed a two year contract with the NY Giants worth over $2.6-million, but was cut due to his inability to remember the most basic plays and football assignments. Months into the 2005 season Mr. Cloud was again acquired by the NE Patriots

E-Ballot 02/22/2016                                                              DICC Page 2
**Michael A. Cloud's T&P Disability ACTIVE FOOTBALL Application 7-15-16**

and then again by the NY Giants, but was consequently cut due to these cumulative mental disorders.

Mr Cloud's SSDI award letter and a copy of his SS and medical file are enclosed for the Committee's review. May this information help guide the NFL Players Benefits Committee in determining Mr Cloud's Active Football Disability Benefits status as well as further assisting in his medical care.

Should you have any questions, please feel free to contact me. Thank you.

Be well,

**Jennifer L. Cloud,** *Esq.*
**Michael A. Cloud**

## MEDICAL RECORDS INDEX

1. **Michael Cloud's** Total and Permanent Disability ACTIVE FOOTBALL Benefits Application
2. **Social Security Administration Benefit Verification Letter**
3. **Daniel Curran, Administrative Law Judge** – SSDA, Notice of FULL FAVORABLE SSDI and SSI Decision
4. **Dr. Harry Cates, LPC.,** - The Life Works Group; Medical Review & Mental Residual Functional Capacity Assessment
5. **Dr. Anne Smith, Ph.D.** - Behavioral Health; Medical Review
6. **Dr. John Patrick Cronin, Ph. D., M.P.H.** – Primary Behavioral Health Clinics, Inc.; Medical Review and 2004 Specific Head Trauma Evaluation
7. **Dr. Jeffery Berman, M.D.** – Orthopaedic; Medical Review
8. **Dr. Michael J. Einbund, M.D.** – Orthopaedic Surgery; Medical Review
9. **Dr. George H. Canizares, M.D.** - All Florida Orthopaedic Associates w/NFL LOD Medical Report
10. **Dr. Adam S. DiDIo, M.D.** – Suncoast Medical Center Neurology w/NFL LOD Medical Report
11. **NFL Medical Summary**
12. **Dr. Russell Warren, M.D. w/Dr. Michael Pollack, M.D. & Dr. Ann M. Moore, M.D.** - New York Football Giants Cumulative Medical Journal.
13. **Dr. Bertram Zarins, M.D.** - New England Patriots Medical Summary

# APPENDIX 2



```
                                                        200 St. Paul Street, Suite 2420
                                                        Baltimore, Maryland 21202
                                                        Phone  800.638.3186
                                                        Fax    410.783.0041
```

November 23, 2016

Mr. Michael Cloud
120 Mont Blanc Drive
Heath, Texas 75032

Re:   **Bert Bell/Pete Rozelle NFL Player Retirement Plan—Final Decision on Review**

Dear Mr. Cloud:

At its November 16, 2016 meeting the Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan ("Plan") considered your appeal from the Disability Initial Claims Committee's ("Committee") decision denying your request for reclassification of your total and permanent disability ("T&P") benefits to the Active Football category. We regret to inform you that the Retirement Board denied your appeal for the reasons described below.

**Discussion**

The Plan received your original application for T&P benefits on July 1, 2014. As you know, the Committee found you to be totally and permanently disabled by virtue of your Social Security Administration ("SSA") disability award, and it awarded you Inactive A T&P benefits, effective May 1, 2014. The basis for the Committee's decision was explained to you in a letter dated July 23, 2014. You did not appeal that decision.

By letter received February 17, 2016, your representative, Jennifer Cloud, requested that your Inactive A benefits be reclassified to the Active Football category. She stated that you "became disabled in 2005, while playing for the New York Giants due to cumulative mental disorder," and she submitted a copy of your SSA file and other records.

The Committee denied your request for reclassification by letter dated March 2, 2016.

By letter received September 2, 2016, Ms. Cloud appealed the Committee's decision to the Retirement Board. With the appeal, she stated that your SSA award resulted from a severe mental disorder stemming from multiple concussions, and she argued that your disability arose shortly after your October 2004 head trauma. Ms. Cloud submitted additional medical records with her appeal, such as a report from psychologist Dr. John Cronin dated February 2, 2012.

Mr. Michael Cloud
November 23, 2016
Page 2

At its November 16, 2016 meeting, the Retirement Board reviewed your request for reclassification and determined that it must be denied. Section 5.7(b) governs requests for reclassification such as yours. It permits reclassification only where a Player "shows by evidence found by the Retirement Board… to be clear and convincing that, because of changed circumstances, the Player satisfies the conditions of eligibility for a benefit under a different category of T&P benefits." The Retirement Board interprets Section 5.7(b)'s "changed circumstances" requirement to mean a new or different impairment from the one that originally qualified you for T&P benefits. Because you seek reclassification to Active Football, you would have to clearly and convincingly show that (1) you have a new or different impairment (Section 5.7(b)), (2) that new or different impairment arose while you were an Active Player (Section 5.3(a)), and (3) it caused you to be totally and permanently disabled "shortly after" it first (Section 5.3(a)). Under Section 5.3(e) of the Plan, you satisfy the "shortly after" requirement if you became totally and permanently disabled within six months of when your disabling condition or impairment first arose. Conversely, you do not meet the "shortly after" requirement if you became totally and permanently disabled more than twelve months after the condition or impairment arose. The Retirement Board has "the right and duty to determine whether the 'shortly after' standard is satisfied" for any claim of total and permanent disability falling within this six to twelve month period.

The Retirement Board reviewed your 2014 application for T&P benefits and noted that it was based on a combination of orthopedic, neurological, and cognitive impairments, such as post-concussion syndrome, clinical depression, dementia pugilistica, migraine, vertigo, impaired verbal fluency, acute compartment syndrome, plantar fasciitis, cluneal nerve injury, and multiple orthopedic impairments. The Retirement Board also noted that your request for reclassification is based on what you call "severe" mental impairments, but those are the same impairments listed in your 2014 application, and they formed the basis of your award of Inactive A T&P benefits (and your SSA award). Thus, the Retirement Board determined that you have not met Section 5.7(b)'s reclassification requirements because you have not clearly and convincingly shown that you are totally and permanently disabled by a new or different impairment. The Retirement Board also determined that, even if your request for reclassification were based on a new or different impairment, the medical evidence you submitted does not show that you meet the requirements for the Active Football category. The evidence you submitted does not show that you are totally and permanently disabled, and it all falls well outside any conceivable "shortly after" period required for Active Football benefits. The Retirement Board noted that, for the Active Football category, it is not enough that your disability first arise during your NFL career; it must also become totally and permanently disabling "shortly after" it first arises.

Mr. Michael Cloud
November 23, 2016
Page 3

In any event, the Retirement Board also determined that your appeal was untimely under Section 12.6(a). The Retirement Board noted that (1) according to Plan records, you received the decision letter on March 4, 2016; (2) that decision letter advised you of the 180-day appeal deadline (which expired on August 31, 2016); and (3) the Plan did not receive your appeal until September 2, 2016, two days after the 180-day deadline expired.

For these reasons, the Retirement Board concluded that it cannot honor your request to reclassify your existing Inactive benefits to the Active Football category. For this reason, the Retirement Board denied your appeal.

**Appeal Rights**

You should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended, and the regulations issued thereunder by the Department of Labor. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits. You have the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended, within 42 months from the date of this letter, which is May 16, 2020.

Please call the NFL Player Benefits Office if you have any questions.

Sincerely,

*Michael B. Miller*

Michael B. Miller
Plan Director

Enclosure

cc: Jennifer Cloud

## Relevant Plan Provisions

Section 5.1 provides that a Player is eligible for T&P benefits if he "is determined by the Retirement Board or the Disability Initial Claims Committee to be totally and permanently disabled in accordance with Section 5.2."

Section 5.2(a) provides the "General Standard" for determining whether a Player is totally and permanently disabled. It states:

> An eligible Player who is not receiving monthly retirement benefits under Article 4 or Article 4A will be deemed to be totally and permanently disabled if the Retirement Board or the Disability Initial Claims Committee finds (1) that he has become totally disabled to the extent that he is substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit, but expressly excluding any disability suffered while in the military service of any country, and (2) that such condition is permanent. The educational level and prior training of a Player will not be considered in determining whether such Player is "unable to engage in any occupation or employment for remuneration or profit." A Player will not be considered to be able to engage in any occupation or employment for remuneration or profit within the meaning of this Section 5.2 merely because such person is employed by the League or an Employer, manages personal or family investments, is employed by or associated with a charitable organization, is employed out of benevolence, or receives up to $30,000 per year in earned income. A disability will be deemed to be "permanent" if it has persisted or is expected to persist for at least twelve months from the date of its occurrence, excluding any reasonably possible recovery period.
>
> Section 5.3 provides that T&P benefits will be awarded in one of four categories:
>
> (a) <u>Active Football.</u> Subject to the special rules of Section 5.4, Players will qualify for benefits in this category if the disability(ies) results from League football activities, arises while the Player is an Active Player, and causes the Player to be totally and permanently disabled "shortly after" the disability(ies) first arises.
>
> (b) <u>Active Nonfootball.</u> Subject to the special rules of Section 5.4, a Player will qualify for benefits in this category if the disability(ies) does not result from League football activities, but does arise while the Player is an Active Player and does cause the Player to be totally and permanently disabled "shortly after" the disability(ies) first arises.
>
> (c) <u>Inactive A.</u> Subject to the special rules of Section 5.4, a Player will qualify for benefits in this category if a written application for T&P benefits or similar letter that began the administrative process that resulted in the award of T&P

      benefits was received within fifteen (15) years after the end of the Player's last Credited Season. This category does not require that the disability arise out of League football activities.

(d) <u>Inactive B.</u> All Players who are determined to be totally and permanently disabled in accordance with Section 5.2 but who do not qualify for categories (a), (b), or (c) above will be awarded benefits in this category. This category does not require that the disability arise out of League football activities.

(e) <u>"Shortly After" Defined.</u> A Player who becomes totally and permanently disabled no later than six months after a disability(ies) first arises will be conclusively deemed to have become totally and permanently disabled "shortly after" the disability(ies) first arises, as that phrase is used in subsections (a) and (b) above, and a Player who becomes totally and permanently disabled more than twelve months after a disability(ies) first arises will be conclusively deemed not to have become totally and permanently disabled "shortly after" the disability(ies) first arises, as that phrase is used in subsections (a) and (b) above. In cases falling within this six- to twelve-month period, the Retirement Board or the Disability Initial Claims Committee will have the right and duty to determine whether the "shortly after" standard is satisfied.

Section 5.7(b) discusses Reclassification. "A Player who is awarded T&P benefits will be deemed to continue to be eligible only for the category of benefits for which he first qualifies, unless the Player shows by evidence found by the Retirement Board or the Disability Initial Claims Committee to be clear and convincing that, because of changed circumstances, the Player satisfies the conditions of eligibility for a benefit under a different category of T&P benefits. A Player's T&P benefit will not be reclassified or otherwise increased with respect to any month or other period of time that precedes by more than forty-two months the date the Retirement Board receives a written application or similar letter requesting such reclassification or increase that begins the administrative process that results in the award of the benefit. This forty-two month limitation period will be tolled for any period of time during which such Player is found by the Retirement Board or the Disability Initial Claims Committee to be physically or mentally incapacitated in a manner that substantially interferes with the filing of such claim.

Section 12.6(a) of the Plan sets forth the Plan's claims procedures. It provides, in pertinent part, that a Player "will have 180 days from the receipt of an adverse determination to file a written request for review of the initial decision to the Retirement Board."

Section 13.3 of the Plan states as follows:

> Receipt of Documents. Correspondence, applications, forms, elections, designations, and other documents of any type are deemed received by the Disability Board only if and when actually received by the Disability Board, and not when mailed or otherwise sent or transmitted to the Disability Board. The common law "mailbox rule" is expressly rejected."

CLOUD-AR-523