# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| MICHAEL CLOUD § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-1277-S |
| § | |
| THE BERT BELL/PETE ROZELLE § | |
| NFL PLAYER RETIREMENT PLAN § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff's Emergency Motion to Compel Compliance with Court's Order [Dkt. 38] and Production of Documents and Records and Incorporated Brief in Support Thereof ("Motion") [ECF No. 41]. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I.   BACKGROUND

Plaintiff Michael Cloud ("Plaintiff") is a former National Football League ("NFL") player. *See* Am. Compl. [ECF No. 68] ¶ 4. The Bert Bell/Pete Rozelle NFL Player Retirement Plan ("Defendant" or the "Plan") is a benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). A six-member Retirement Board ("Board")—the Plan's administrator— has discretion to decide appeals and make final decisions for those denied benefits under the Plan. *See* ECF No. 16 Ex. B at 49. Initial benefits decisions are made by the Disability Initial Claims Committee ("Committee"). *See id.* at 46. The Plan provides various disability benefits to former players, including different types of total and permanent ("T&P") benefits. *See id.* at 27. Each T&P benefit has different requirements for eligibility. *See id.*

Plaintiff claims that the Board (1) wrongfully denied him "Active Football" T&P Benefits and (2) failed to provide him a "full and fair review." *See* Am. Compl. ¶¶ 44-47, 48-51.

On July 22, 2021, this Court granted in part and denied in part Plaintiff's Motion to Supplement the Administrative Record [ECF No. 24]. *See* ECF No. 38. The Court allowed discovery on (1) communications between Plaintiff and Defendant regarding Plaintiff's medical documentation; (2) any additional unproduced medical records in Defendant's possession; and (3) such other information relevant to the completeness of the Administrative Record in this case and/or whether Defendant complied with ERISA's procedural regulations. *Id.* Plaintiff deposed the two members of the Committee that decided his initial benefits claim, as well as Defendant's Federal Rule of Civil Procedure 30(b)(6) designated corporate representative. *See* Mot. ¶ 26; Reply [ECF No. 50] ¶ 3. Subsequent to these depositions, Plaintiff sought additional discovery from Defendant. *See, e.g.*, Mot. Exs. 1-3. Defendant objected, or indicated that it had no additional documents responsive, to nearly all of these requests. *See id.*

Plaintiff then filed the instant Motion, seeking to compel (1) the deposition of all six Board members; (2) the production of information on other former NFL players, including the number of claims granted or denied by the Plan, the level of benefits granted, and the basis on which such claims were granted or denied; and (3) the production of outstanding medical records relating to Plaintiff. *See* Mot. ¶¶ 28, 34-35, 38. Plaintiff also seeks to recover all costs, expenses, and attorney's fees associated with both the filing of the Motion and the depositions of Board members. *Id.* ¶ 40. Finally, Plaintiff requests an extension of the discovery and dispositive motions deadline.[1] Mot. ¶ 33. The Court held a hearing on the Motion on August 25, 2021 and ordered supplemental briefing, which the parties filed on September 10, 2021. *See* ECF Nos. 58, 59.

---

[1] The Court issued an Amended Scheduling Order on September 25, 2021. *See* ECF No. 66. Therefore, this request is moot.

2

## II.     LEGAL STANDARDS

### A.     *Motion to Compel*

The party resisting discovery "must show specifically how . . . each [discovery request] is not relevant or how each [request] is overly broad, burdensome[,] or oppressive." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (first alteration in original) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). To make this showing, the party resisting discovery must submit affidavits or offer evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (citations omitted).

### B.     *Review of ERISA Determinations*

In reviewing an ERISA plan administrator's actions, a district court effectively sits as an appellate body. *See McCorkle v. Metro. Life Ins. Co.*, 757 F.3d 452, 456 (5th Cir. 2014); *Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 201 (5th Cir. 1997). To rule on Plaintiff's Motion, the Court must determine (1) whether the discovery sought fits within an ERISA discovery exception and (2) whether that discovery will be relevant in the Court's ultimate determination of the merits of each claim. *See Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636 (5th Cir. 1992); *see also Revels v. Standard Ins. Co.*, 504 F. Supp. 3d 556 (N.D. Tex. 2020).

#### 1)     *Discovery in ERISA Actions*

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Fifth Circuit, however, has limited the scope of permissible discovery in ERISA actions.[2] While the Court may not stray from the administrative record once it has been

---

[2] *But see Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 516 n.9 (5th Cir. 2010) (noting that "this circuit's administrative record law [is] more expansive than that of the rest of the circuits").

determined, there are "certain limited exceptions" where a plaintiff may supplement the record through discovery. *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008); *see also Anderson*, 619 F.3d at 516 n.9 ("*Vega* could be read to require ERISA administrators to keep the administrative record open.").

In determining whether benefits should have been afforded under an ERISA plan, the Court may allow a plaintiff to supplement the administrative record with information that (1) relates to how the administrator interpreted the plan in the past or (2) would assist the Court in understanding medical terms and procedures. *Id.* Discovery may also be obtained to resolve "other questions" that may be raised in an ERISA action. *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011). The Court may allow discovery on information relating to (1) the completeness of the administrative record; (2) whether the plan administrator complied with ERISA's procedural regulations;[3] or (3) the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *Crosby*, 647 F.3d at 263. Discovery requests for these types of information "may be relevant and thus permissible under federal discovery rules." *Id.* (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

Even if an exception applies, the Court must monitor discovery in ERISA cases "very closely," and limit discovery according to the general discovery rules under Rule 26(b). *Crosby*, 647 F.3d at 264. Rule 26(b)(2) requires the Court to "limit the frequency or extent of discovery" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

---

[3] 29 C.F.R. § 2560.503-1 "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries."

4

seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[4] FED. R. CIV. P. 26(b)(2)(C).

### 2) *Relevance to Each Claim*

Plaintiff asserts claims for (1) wrongful denial of benefits due under the terms of the Plan and (2) failure to comply with ERISA procedural regulations. *See* Am. Compl. ¶¶ 44-47, 48-51.

As to Plaintiff's wrongful denial claim, if an ERISA plan grants the administrator discretionary authority to interpret the plan and determine eligibility for benefits under the plan, the Court's review of the administrator's determination is abuse of discretion. *See Firestone, Tire & Rubber Co., v. Bruch*, 489 U.S. 101, 115 (1989); *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 269 (5th Cir. 2004). Here, the Plan gives the Board full discretion to interpret the Plan and determine eligibility for benefits. *See* ECF No. 16 Ex. B at 49 ("The Retirement Board will have full and absolute discretion, authority and power to interpret, control, implement, and manage the Plan."); *see also Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1175, 1178 (9th Cir. 2005). Therefore, in this action, the Court will ultimately review the Board's interpretation and benefits determination under an abuse of discretion standard.

The Court employs a two-step process to determine if a plan administrator abused its discretion in making its interpretation and benefits determination. *Wildbur*, 974 F.2d at 637-38. First, the Court must determine whether the administrator employed the legally correct interpretation of the plan. *Id.* To determine if the administrator's interpretation of the plan was legally correct, the Court evaluates (1) whether the administrator has given the plan a uniform

---

[4] Under Rule 26(b)(1), the Court considers: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (5) whether the burden or expense of the proposed discovery outweighs its likely benefit.

construction; (2) whether the interpretation is consistent with a fair reading of the plan; and (3) whether there are any unanticipated costs resulting from different interpretations. *Id.* If the Court finds the administrator did not employ the legally correct interpretation, the Court must then determine whether the administrator abused its discretion in varying from the correct interpretation. *Id.* When deciding if the administrator abused its discretion, the Court considers (1) the internal consistency of the plan under the administrator's interpretation; (2) any relevant regulations formulated by the appropriate administrative agencies; (3) the factual background surrounding the determination; and (4) any inferences of lack of good faith. *Id.* at 638.

As to Plaintiff's claim that the Board failed to comply with ERISA procedural regulations, the Court evaluates challenges to ERISA procedures under the substantial compliance standard. *Lafleur v. La. Health Serv. and Indem. Co.*, 563 F.3d 148, 154 (5th Cir. 2009); *Lacy v. Fulbright & Jaworski*, 405 F.3d 256-57 & n.5 (5th Cir. 2005). In determining whether the plan administrator substantially complied with ERISA procedural requirements, the Court examines applicable regulations and determines the extent to which they were complied with. *See Lafleur*, 563 F.3d at 154-57.

### III. ANALYSIS

#### A. *Depositions of Retirement Board Members*

Plaintiff seeks to depose the members of the Board.[5] *See* Mot. ¶ 28. Plaintiff claims that these depositions are essential to determining whether the Board complied with ERISA procedural regulations because the Board members are "the only people who know the basis of the decision to decline benefits to" Plaintiff. *Id.* Plaintiff also seeks these depositions to determine if it is necessary to seek leave of court to amend his complaint to include a claim for breach of fiduciary

---

[5] Katie Blackburn, Dick Cass, Ted Phillips, Sam McCullum, Jeff Van Note, and Robert Smith.

duty.[6] Mot. ¶ 31. Plaintiff does not explain why the depositions of all six members of the Board are necessary.

A plaintiff may supplement the administrative record for the purpose of determining whether the Board complied with ERISA's procedural regulations.[7] *Crosby*, 647 F.3d at 263 (citing *Lafleur*, 563 F.3d at 150); *Bruce v. Anthem ins. Cos., Inc.*, 307 F.R.D. 465, 467 (N.D. Tex. 2015) (permitting plaintiff to discover evidence regarding whether defendant complied with ERISA's procedural requirements). However, in accordance with *Crosby*, the Court must monitor discovery closely and will therefore analyze whether discovery sought on each alleged procedural violation would be relevant to the Court's ultimate determination on substantial compliance.

Plaintiff alleges several actions by the Board that do not comply with procedural regulations: (1) inconsistent interpretation of the terms of the Plan documents; (2) not making its benefit determination in accordance with governing Plan documents; (3) not providing a full and fair review; and (4) breaching various fiduciary duties. *See* Pl. Supp. Br. [ECF No. 58] ¶ 13. The Court agrees that the first three allegations identified by Plaintiff are relevant to the Court's ultimate determination of whether the Board substantially complied with ERISA procedural regulations.[8] *See* 29 C.F.R. §§ 2560.503-1(b)(5) & (h). Plaintiff's fourth allegation is not. The fiduciary duties identified by Plaintiff relate to the investment and financial transactions a plan fiduciary may make while managing the assets of the plan as a trustee. *See Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, 960 F.3d 190, 196-97 (5th Cir. 2020); *Laborers Nat'l Pension*

---

[6] Plaintiff filed his First Amended Complaint and Demand for Trial by Jury [ECF No. 68]. *But see McCall v. Burlington Northern/Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) ("When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § 502(a)(3).")
[7] The Court is not persuaded by the non-binding authority cited by Defendant, as it pre-dates *Crosby*.
[8] Defendant suggests these allegations, even if true, would not constitute a procedural violation of ERISA. *See, e.g.*, Def. Supp. Br. [ECF No. 59] at 28-29. But Plaintiff is not required to establish the merits of his claim to obtain discovery relating to the claim. Rather, discovery is permitted if it may be relevant to this Court's determination of the Board's substantial compliance.

*Fund v. N. Tr. Quantitative Advisors, Inc.*, 173 F.3d 313, 322 (5th Cir. 1999). They are not set forth in 29 C.F.R. § 2560.503-1. Therefore, whether the Board allegedly violated these fiduciary duties is not relevant to the Court's ultimate determination of whether the Board substantially complied with ERISA procedural regulations.

Under Rule 26(b)(1), the Court finds that Plaintiff's request to depose members of the Board is proportional to the needs of the case and that Plaintiff cannot adequately access information relevant to whether the Board substantially complied with ERISA procedural regulations without the depositions. *See* FED. R. CIV. P. 26(b)(1). In this regard, the Committee members and Defendant's Rule 30(b)(6) witness testified that they are unaware of the review process that the Board undertook in making its benefits determination. *See* Reply Ex. 1 at 16, 21, 42, 53; Ex. 3 at 121-22; Additional Attachments to Reply [ECF No. 57] at 109. The Court further finds that the scope of this discovery is appropriate in light of Plaintiff's claim. At issue is whether the Board complied with procedural requirements in rendering its benefits determination, and the depositions of those who participated in rendering that determination may shed light on this issue. Considering the parties' asymmetric resources and the potential burden and expense posed by allowing depositions, the Court finds the benefit of the information that may be obtained is not outweighed by the potential burden and expense of allowing depositions. Information on the Board's actions is important to determine whether the Board rubber-stamped the Committee's decision instead of conducting a *de novo* review as is required by the Plan documents, and whether it substantially complied with ERISA procedural regulations.

However, the Court finds that Plaintiff's request to depose all six Board members is overly broad, at least at this time. Plaintiff has not shown that taking six depositions would elicit testimony that is not unreasonably cumulative or duplicative of one another. *See* FED. R. CIV. P.

26(b)(2)(C)(i); *see also Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-cv-1587-M-BN, 2015 WL 12916402, at *2 (N.D. Tex. Apr. 22, 2015) (denying additional depositions for failure to show that they would not be duplicative of prior testimony). Plaintiff has made no attempt to show that he cannot determine with sufficient detail compliance with ERISA procedural regulations through the testimony of fewer than six Board members. Nor has he shown what, if any, new information can be obtained from each deposition.

Accordingly, considering the relevance of the information sought and the proportionality to the needs of the case pursuant to Rule 26(b), the Court **GRANTS IN PART** the Motion with respect to the depositions of the members of the Board.

Within fourteen days of this Court's forthcoming order on Plaintiff's Motion to Disqualify the Groom Law Group and Brief in Support [ECF No. 56], Defendant shall present two members of the Board, with at least one being a voting member that was appointed by the NFL Players Association, for deposition on issues relating specifically to the Board's compliance with relevant ERISA procedural regulations as set forth in 29 C.F.R. § 2560.503-1 and identified in the Motion. The Court finds that two depositions may ensure a greater degree of reliability and would not be unreasonably cumulative or duplicative. The Court further finds that Plaintiff is unable to obtain the information sought through these depositions from a source that is more convenient, less burdensome, or less expensive. Defendant has not met its burden to show how these depositions would not be relevant to the Court's ultimate determination or how they are overly broad, burdensome, or oppressive. *See McLeod*, 894 F.2d at 1485.

The depositions will take place in the Dallas-Fort Worth area unless the parties agree otherwise. *See Resolution Tr. Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992) (noting that a district court "has broad discretion to determine the appropriate place for

examination"), *aff'd*, 992 F.2d 325 (table) (5th Cir. 1993). If the parties agree to a deposition elsewhere, Defendant shall reimburse Plaintiff's counsel for reasonable travel expenses incurred in connection with the taking of the depositions within five days of presentment of expenses.

### B. *Information on Previous Claims*

Plaintiff also seeks to compel production of documents relating to other former NFL players. In particular, he seeks documents responsive to his First Request for Production Nos. 37, 57, and 58.[9] Mot. ¶ 34. Plaintiff claims that the quarterly "Director's Reports" and "Counsel Reports," as well as Defendant's "database of claims," are responsive to these requests. *Id.* ¶ 37; Pl. Supp. Br. ¶¶ 2, 9. According to Plaintiff, the reports and database contain information on the number of claims granted or denied, the level of benefits granted, and the basis on which such requests were granted or denied. Mot. ¶ 35; Pl. Supp. Br. ¶¶ 2, 9. He seeks this discovery "to determine whether similar cases were decided based on the same set of procedural requirements and applied consistently." Mot. ¶ 34.

The Court finds that Defendant, as the party resisting discovery, has failed to meet its burden of showing support for how each of these requests is unduly burdensome. Although there was testimony from Defendant's Rule 30(b)(6) witness on this issue generally, *see* Def. Resp. App. [ECF No. 47] at 366-69, there was no support other than counsel's argument that responding to these requests would be unduly burdensome, *see id.* at 549; *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."); *Merrill*, 227 F.R.D. at 478 (holding that defendant cannot attack the propriety of plaintiffs'

---

[9] Plaintiff requested documents and electronic information evidencing (1) "each disability claim for N.F.L. players denied by Defendant since 2004"; (2) "comprehensive, HIPAA-compliant list of all Total & Permanent Disability Benefits awarded"; and (3) "a complete, HIPAA-compliant list of all Article 65 Neuro-Cognitive Disability Benefit Awards." Mot. Ex. 2 at 11, 17.

discovery requests with arguments). In any event, the Court is not persuaded that requiring Defendant to "filter" data in a spreadsheet, spend "several days" to verify that information, and review "hundreds" of applications is unduly burdensome in this case, given the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The Court finds that the burden or expense in providing these documents does not outweigh their likely benefit, and, therefore, Defendant's objections to Plaintiff's requests on the ground of undue burden are overruled.

With respect to Defendant's relevance objections, Plaintiff's purpose of obtaining information on former NFL players falls within the *Vega* exception that permits discovery of information relating to how the administrator interpreted the terms of the plan in the past. *See Vega*, 188 F.3d at 299; *accord Gooden v. Provident Life & Acc. Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001); *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 215 F.3d 516, 521 (5th Cir. 2000); *Thibodeaux v. Continental Cas. Ins. Co.*, 138 F.3d 593, 595-96 (5th Cir. 1998); *see also Jarett v. Metro. Life Ins. Co.*, No. Civ.A. V.-04-019, 2005 WL 1563092, *5 (S.D. Tex. June 29, 2005) (observing that evidence "relat[ing] in some way to a claim that Plaintiff was treated differently, or that her claim was analyzed differently from other claimants," may "fit within one of the limited exceptions recognized by the Fifth Circuit"); *Fralick v. Plumbers and Pipefitters Nat'l Pension Fund*, No. 3:09-CV-0752-D, 2010 WL 2563429, at *6 (N.D. Tex. June 22, 2010) (denying motion to strike evidence "of information about other benefits cases decided by the Fund"); *Green v. United Fire & Cas. Co.*, No. 1:11-cv-28-HSO-JMR, 2012 WL 12863148, at *4 (S.D. Miss. June 20, 2012) (ordering the production of "other claims for the past three years" reviewed by the administrator involving similarly situated claimants).

Evidence that helps determine whether an administrator gave the plan a uniform construction may be relevant to whether the administrator abused its discretion. *See Wildbur*, 974 F.2d at 639; *Helton v. AT & T Inc.*, 709 F.3d 343, 355-56 (4th Cir. 2013); *see also Ducre v. SBC-Southwestern Bell*, No. SA-04-CA-835-XR, 2007 WL 128900, at *11 (W.D. Tex. Jan. 12, 2007) (applying abuse of discretion standard in considering whether the plan's interpretation was legally correct and holding that "the Court's review is not limited to the administrative record, and all evidence presented by the parties may be considered"); *Pfifer v. Sedgwich Claims Mgmt. Servs. Inc.*, 414 F. Supp. 3d 1024, 1032-33 (S.D. Tex. 2019) (holding that a court's review is not confined to the administrative record when determining whether an administrator abused his discretion in interpreting a plan's terms and making a benefit determination); *Carroll v. United of Omaha Life Ins. Co.*, 378 F. Supp. 2d 741, 745-46 (E.D. La. June 17, 2005) (holding that *Vega* does not prohibit the court from considering evidence showing that interpretation of the plan was erroneous and constituted an abuse of discretion).

At issue here is the Board's interpretation of the Plan terms "changed circumstance" and "clear and convincing," and whether they were defined consistently. *See* Mot. ¶ 28; Resp. 1; Pl. Supp. ¶ 13; Def. Supp. Br. 22. The Court finds that information on previous claims is relevant to determining whether the Board applied these terms inconsistently in reviewing Plaintiff's claim. *See Leipzig v. Principal Life Ins. Co.*, 481 F. App'x 865, 868 (5th Cir. 2010) (holding that district court erred in refusing to consider evidence of why previous benefits were denied because consideration of this evidence might suggest that defendant did not construe the plan uniformly); *Schultz v. Metro. Life Ins. Co.*, 872 F.2d 676, 679-80 (5th Cir. 1989) (approving the district court's use of affidavit evidence offered to show inconsistent treatment of other similar claims by the plan administrator); *Mauser v. Raytheon Co. Pension Plan for Salaried Emps.*, 239 F.3d 51, 56-57 (1st

Cir. 2001) (noting that how others were treated could be substantively relevant in determining the administrator's construction and application of the plan); *Erven v. Blandin Paper Co.*, 473 F.3d 903, 906 (8th Cir. 2007) (noting that whether the administrator's interpretation of the plan is "inconsistent with prior interpretation of the same words" is relevant to the court's determination).

### 1) *Request for Production No. 57*

Plaintiff requests a "HIPAA-compliant list of all Total & Permanent Disability Benefits awarded." Mot. Ex. 2 at 17 (Request for Production No. 57). According to Plaintiff, Defendant possesses reports and a database with information on the bases for which these benefits were awarded. Mot. ¶¶ 35, 37; Pl. Supp. Br. ¶¶ 2, 9. "T&P Benefits" encompasses multiple categories of benefits, each with different requirements for eligibility: Active Football T&P Benefits; Active Nonfootball T&P Benefits; Inactive A T&P Benefits; and Inactive B T&P Benefits. *See* ECF No. 16 Ex. B at 27. Plaintiff claims that he was wrongfully denied Active Football T&P Benefits and was granted Inactive A T&P Benefits instead. *See* Am. Compl. ¶ 46. Information on the bases for granting previous Active Football and Inactive A T&P Benefits may be relevant to Plaintiff's claim, as it bears on whether Plaintiff was treated inconsistently with others similarly situated who were granted these benefits. This information may further reveal whether the Board consistently defined "changed circumstance" and "clear and convincing" for other NFL players with similar claims. However, to the extent that Plaintiff seeks information on the bases for granting previous Active Nonfootball and Inactive B T&P Benefits, the Court finds that the request is not reasonably calculated to lead to information relevant to Plaintiff's claim. Defendant's objection as it relates to this information is therefore sustained.

The Court finds that Plaintiff's requests to obtain information on the bases of granting Active Football and Inactive A T&P Benefits is proportional to the needs of the case. *See* FED. R.

CIV. P. 26(b)(1). Plaintiff does not have access to information on how other former NFL players were treated by the Plan and whether Plaintiff was treated consistently by the Board in its interpretation of the terms "changed circumstance" and "clear and convincing." The Court further finds that the scope of this discovery is appropriate in light of Plaintiff's claim that he was treated inconsistently, and the requested information may shed light on whether he was. Moreover, the parties' resources are highly asymmetric, and the potential burden and expense posed by ordering production do not outweigh the benefit of the information that may be obtained.

### 2) *Request for Production Nos. 37 and 58*

Plaintiff is not entitled to information on "each disability claim" and "Article 65 Neuro-Cognitive Disability Benefit Awards." *See* Mot. Ex. 2 at 11, 17 (Requests for Production Nos. 37 and 58). The Court finds that these requests are overly broad and not reasonably calculated to lead to the discovery of information relevant to Plaintiff's claim. Defendant's objections to these requests are therefore sustained.

\*   \*   \*

Accordingly, considering the relevance of the information sought and the proportionality to the needs of the case pursuant to Rule 26(b), the Court **GRANTS IN PART** the Motion with respect to Plaintiff's First Request for Production Nos. 37, 57, and 58. Defendant is **ORDERED** to produce documents relating to the bases for previous grants of Active Football T&P Benefits and Inactive A T&P Benefits, including the application and interpretation of the terms "changed circumstance" and "clear and convincing," within fourteen days of the date of this Order. Defendant is to produce such documents after redacting any personally identifiable information therein and ensuring that the disclosure is compliant with HIPAA.

### C.     *Plaintiff's Outstanding Medical Records*

Plaintiff seeks to compel production of his outstanding medical records responsive to First Request for Production No. 18 and Second Request for Production No. 3. Mot. ¶ 38. Defendant has since submitted a declaration by its Rule 30(b)(6) witness certifying that Defendant produced all of Plaintiff's medical records within its possession, custody, or control. *See* ECF No. 60 at 4-6. Accordingly, the Court **DENIES** Plaintiff's Motion on these requests as moot.

### D.     *Recovery of Costs, Expenses, and Attorney's Fees*

Finally, Plaintiff seeks all costs, expenses, and attorney's fees associated with the filing of the Motion, and those that will be associated with the requested depositions. Mot. ¶ 40. Plaintiff argues that "Defendant and its counsel have purposely made such attempts [to obtain documents and information] tortuous." *Id.* ¶ 39. Defendant counters that it has "at all times acted in good faith and has continued to attempt to work with [Plaintiff] to reach reasonable accommodations on discovery." Resp. 25.

Federal Rule of Civil Procedure 37(a)(5) allows for an award of expenses and attorney's fees to be paid to the moving party when a motion to compel is granted. FED. R. CIV. P. 37(a)(5). But when the motion is granted in part and denied in part, as is the case here, the Court may "apportion the reasonable expenses" between the parties. *Id.* Because Plaintiff prevailed on the Motion in part, Defendant is **ORDERED**, in lieu of attorney's fees, to reimburse Plaintiff for all reasonable and necessary expenses incurred in connection with the Board depositions, including the reasonable travel expenses of Plaintiff's counsel in the taking of any depositions outside the Dallas-Fort Worth area, as set forth above.

## IV. CONCLUSION

Pursuant to *Crosby*, the Court shall closely monitor discovery in this case. The Court has considered the relevance of the information sought and the proportionality to the needs of the case, as well as the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. After undertaking this fact-focused inquiry and limiting discovery where necessary, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Emergency Motion to Compel Compliance with Court's Order [Dkt. 38] and Production of Documents and Records and Incorporated Brief in Support Thereof.

Any further discovery will require leave of court. In requesting leave of court, the parties must indicate whether the request is opposed or unopposed and must articulate the reasons for discovery if the request is opposed. Any opposition to a motion for leave must be filed within three business days. A reply, if necessary, must be file within three days of the response.

**SO ORDERED.**

SIGNED September 30, 2021.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**