# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

MICHAEL CLOUD            §
                               §
v.                            §        CIVIL ACTION NO. 3:20-CV-1277-S
                               §
THE BERT BELL/PETE ROZELLE NFL    §
PLAYER RETIREMENT PLAN         §

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO ALTER CONFIDENTIALITY DESIGNATIONS

Before the Court is Defendant's Motion for an Order Altering the Confidential Status of Certain Materials Designated by Plaintiff as "Confidential" Under the Protective Order ("Motion") [ECF No. 152], in which Defendant The Bert Bell/Pete Rozelle NFL Player Retirement Plan ("Defendant") seeks to unseal (1) the deposition transcript of Plaintiff Michael Cloud's ex-wife and former counsel; (2) the deposition transcript of Plaintiff's designated medical expert; and (3) the expert's report and materials. Defendant claims that because Plaintiff "put his medical condition at issue," materials referencing Plaintiff's medical information cannot "fairly be characterized as 'confidential.'" Mot. 6. Noteworthy is that Defendant does not cite to any case law supporting the de-designation of personal medical information, but rather argues that the public "spotlight" should be "cast equally on both parties and all of the evidence." *Id.* 10. Defendant insists that the information at issue would "reveal [Plaintiff] in an unflattering light," and that if it is not unsealed, Defendant will face prejudice "in the eyes of the public." *Id.* 2, 10; *see also* Reply [ECF No. 172] at 6 (referring to the information at issue as having the potential to "undermine[] [Plaintiff]'s public narrative").

Courts have recognized that the public has a common law right to access judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d

423, 429 (5th Cir. 1981). This right, however, "is not absolute." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 598). The Court has discretion in sealing judicial records, and in exercising such discretion must balance "the public's common law right of access against the interests favoring nondisclosure." *Id.* "The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure." *Williams v. Luminator Holdings, LP*, No. 3:12-cv-2975-M, 2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012) (citing cases); *see also Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA generally provides for confidentiality of medical records.")

The Court finds that casting a "spotlight" on symptoms and manifestations of a brain injury with alleged neurological total and permanent disabilities solely for the self-serving reasons articulated by Defendant does not serve the public interest. Indeed, it does the opposite, as it undermines the substantial privacy interest individuals have in their sensitive medical information. *See, e.g., McDonnell v. United States*, 4 F.3d 1227, 1253 (3rd Cir. 1993) (recognizing the substantial privacy interest persons hold in his or her medical records) (citing *United States v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989)); *see also Lima v. Wagner*, No. 3:16-cv-00074, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) (sealing documents relating to plaintiff's medical records and mental health treatment on the basis that plaintiff "possesses a strong privacy interest in keeping the details of his mental health condition confidential and the public has no need for access to these documents"); *Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005 (D. Haw. 2010), *on reconsideration in part* (Feb. 7, 2011) (finding that protecting medical privacy satisfied the "compelling" reason standard governing motions to seal in the Ninth Circuit); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4,

2009) (same); *United States v. Pella,* No. 2:06-mj-06-RJJ, 2012 WL 5287898, at *1 (D. Nev. Oct. 24, 2012) (same).

The Court has closely reviewed the materials that Defendant seeks to unseal and the portions that are cited and quoted in the Motion. It is clear to the Court that Defendant does not seek to unseal information relating to contested medical issues that are material to the merits of the case, but rather to bolster Defendant's image in the eyes of the public. This is essentially admitted by Defendant in the Motion. The Court refuses to indulge Defendant's brazen attempt to try this case in the court of public opinion. To allow such bolstering by a defendant could very well result in a chilling effect and totally unnecessary collateral damage at the expense of individuals who suffered personal injuries, including public ridicule and embarrassment. Defendant's transparent effort to publicize private details of Plaintiff's brain injury, brain injury symptoms, and disability is unprecedented, improper, and deeply concerning to the Court. *See Nixon,* 435 U.S. at 598 ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

Accordingly, the Motion is **DENIED**. The deposition transcripts and expert report and materials at issue shall remain sealed.

**SO ORDERED.**

SIGNED April 21, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**