UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL CLOUD, <br><br> Plaintiff, <br><br> v. <br><br> THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, <br><br> Defendant. | Civil Action No. 3:20-cv-01277-S |

## DEFENDANT'S MOTION TO APPROVE APPEAL BOND

Defendant Bert Bell/Pete Rozelle NFL Player Retirement Plan respectfully brings this Motion to Approve Appeal Bond ("Motion"), and in support thereof states as follows:

1.      On June 27, 2022 (Dkt. 259), the Court entered judgment awarding Plaintiff retroactive benefits and prejudgment interest in the total amount of $1,281,120.50; Active Football benefits commencing August 1, 2022; and post-judgment interest calculated at the statutory annual rate of 2.34% commencing August 1, 2022.

2.      On July 18, 2022 (Dkt. 262), the Court entered a post-judgment order granting Plaintiff's motion for attorney's fees and costs, and awarding Plaintiff an additional $1,232,058.75 in accrued attorney's fees; $600,000 in conditional attorney's fees on appeal; and $30,074.72 in costs.

3.      Defendant has appealed (Dkt. 264) and intends to stay the foregoing judgment(s) pending appeal.

1

4.      Under Rule 62(b), "a party may obtain a stay [of judgment] by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.*

5.      Factors used to determine a bond amount include (1) the judgment amount, (2) costs on appeal, (3) interest, and (4) damages for delay. *See, e.g., Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("The predecessor to [the] present [Rule] had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.' Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule.").

6.      Defendant submits that an appropriate bond in this matter should be calculated as follows:

| | Amount | Item |
|---|---|---|
| 1 | $1,281,120.50 | Award of retroactive benefits and prejudgment interest |
| 2 | $1,232,058.75 | Award of accrued fees |
| 3 | $30,074.72 | Award of costs |
| 4 | $130,008.00 | The difference between Active Football versus Inactive A benefits for one year (one year being the projected duration of the appeal; thus, arguably "delay damages") |
| 5 | $62,554.33 | 2.34% of lines 1 through 4 above, approximating post-judgment interest for one year (also arguably "delay damages") |
| 6 | $250,000.00 | Award of conditional appeal fees – Fifth Circuit |
| 7 | $350,000.00 | Award of conditional appeal fees – Supreme Court |
| | **$3,335,816.30** | **Total** |

7.      With the Court's approval, Defendant will obtain a bond in the amount of $3,335,816.30, and renew the bond annually for the duration of the appeal.

8.      A copy of Defendant's proposed bond is attached as **Exhibit A** for the Court's review and approval.

9.      The surety, Great Midwest Insurance Company, has asked Defendant to present a Court order approving the bond as a prerequisite to underwriting the bond.

10.      Prior to bringing this Motion, counsel for Defendant (Mr. Nolan Knight) conferred with counsel for Plaintiff (Mr. Christian Dennie) on a number of occasions regarding the necessity of an appeal bond and the amount in the event a bond were necessary.  The parties were unable to reach an agreement on the issues.  Defendant is therefore presenting this Motion as an "opposed" motion for the Court's consideration at this time.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant this Motion, authorize Defendant to obtain an appeal bond in the amount of

$3,335,816.30, and allow Defendant to present the executed bond to the Court to effect a stay of the judgment(s) pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.

Dated:  August 5, 2022

Respectfully submitted,

GROOM LAW GROUP, CHARTERED

By: _____

Michael L. Junk, *pro hac vice*
Edward J. Meehan, *pro hac vice*
  1701 Pennsylvania Avenue NW
  Washington, DC 20006
  P: (202) 857-0620
  F: (202) 659-4503
  mjunk@groom.com
  emeehan@groom.com

MUNSCH HARDT KOPF & HARR, P.C.

  Nolan C. Knight
  Texas Bar No. 24027125
  Toni Anderson
  Texas Bar No. 24105432
    500 N. Akard Street, Suite 3800
    Dallas, TX 75201
    P: (214) 855-7500
    F: (214) 855-7584
    tanderson@munsch.com

  D. Mitchell McFarland
  Texas Bar No. 13597700
    700 Milam Street, Suite 2700
    Houston, TX 77002
    P: (713) 222-1470
    F: (713) 222-1475
    mmcfarland@munsch.com

COUNSEL FOR DEFENDANT

4

## CERTIFICATE OF CONFERENCE

I certify that the parties have met and conferred, and this Motion is being presented to the Court as an "opposed" motion because Plaintiff has not waived bond or otherwise consented to the relief sought by this Motion.

_____
Michael L. Junk, *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on August 5, 2022, the foregoing DEFENDANT'S MOTION TO APPROVE APPEAL BOND was filed with the Clerk of Court via CM/ECF, which will automatically deliver notice of the filing to all counsel of record.

_____
Michael L. Junk, *pro hac vice*